IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br><br>VICTOR MARIANI<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:07CR00021-01S |

**MOTION TO AMEND JUDGMENT AND VACATE SATISFACTION OF JUDGMENT**

Now comes Plaintiff, United States of America (hereinafter the "Government") by and through his attorneys, and respectfully requests that the Court amend the judgment entered on November 2, 2007 and vacate the Satisfaction of said judgment, filed on December 5, 2007. In support of this motion, the Government states as follows:

**BACKGROUND**

On February 15, 2007, the defendant entered into a plea agreement waiving presentation of this matter to a grand jury and consenting to the filing of an Information charging him with one count of conspiring to distribute human growth hormones and anabolic steroids in violation of 18 U.S.C. § 371 (Count I); eleven counts of distributing and aiding and abetting the distribution of human growth hormones, in violation of 2 1 U.S.C. § 333(e)(1) and 18 U.S.C. §2 (Counts II-XII); fourteen counts of distributing and aiding and abetting the distribution of anabolic steroids, each of which is a Schedule III controlled substance, in violation of 21 U.S.C. §841(a)(l)& (b)(l)(D) & 18 U.S.C. § 2 (Counts XIII-XXVI); and, a forfeiture allegation pursuant to 2 1 U.S.C. § 853. *See* Exhibit A (Plea Agreement) at ¶ 1.

On November 2, 2007, the defendant entered into a Consent Decree agreeing that he had derived $34,845 from the controlled substance violations for which he had been convicted, and agreeing to forfeit that amount, pursuant the forfeiture allegation charged in the Information

under 21 U.S.C. § 853 and pursuant to Fed. R. Crim. P. 32.2(b) (1) and (c) (1). *See* Exhibit B (Consent Decree for Forfeiture) at ¶¶ 1 & 2.

On the same date, the Court ordered the defendant to forfeit $34,845, pursuant to 21 U.S.C. § 5853. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the Order of Forfeiture was to become final at the time of sentencing and be made part of the sentence and included in the judgment. *See* Exhibit C, (Order of Forfeiture) at ¶¶ 1 & 2. The Court then sentenced Defendant to three years probation. The defendant was ordered to pay $2,600 mandatory assessment plus a fine in the amount of $6,000 due immediately. Notwithstanding the forfeiture order, and although the Court expressly stated at sentencing that the forfeiture was to become part of the final judgment, the $34,845 forfeiture was not made a part of the Judgment. *See* Exhibit D, (Judgment and Conviction Order).

On November 21, 2007, the Financial Litigation Unit of the United States Attorney's Office received notification that the defendant had paid the $2,600 assessment and the $6,000 fine. Unaware of the forfeiture order, and verifying that the monetary impositions included in the judgment were paid in full, the Financial Litigation Unit Assistant U.S. Attorney, John P. McAdams, filed a Satisfaction of Judgment on December 5, 2007. *See* Exhibit E, (Satisfaction of Judgment). The financial Litigation Unit also notified the defendant that the monetary portion of the underlying judgment debt was satisfied in full.

Recently, the Financial Litigation Unit became aware of the forfeiture order, which the defendant has failed to pay. The Financial Litigation Unit checked with the U.S. Marshals and was notified that the defendant had not paid any portion of the ordered forfeiture. Therefore, the monetary portion of the judgment debt is not satisfied in full.

Accordingly, the Government seeks to amend the Judgment to include the forfeiture order, and vacate the Satisfaction of Judgment that was filed prematurely.

## ARGUMENT

### I. Omission of the Forfeiture was a Clerical Error, cured by Amending the Judgment.

Pursuant to Fed R. Crim. P. 36, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. Failure to include the forfeiture order in the Judgement and Conviction Order may be corrected if it was the result of clerical error, where a defendant agreed to forfeiture as part of a plea agreement, a preliminary forfeiture order was issued, and a forfeiture order was not included in final judgment because of mistake. *See, e.g.*, U.S. v. Koch, 491 F.3d 929, 932, (8th Cir, 2007), United States v Loe, 248 F.3d 449 (5th Cir. 2001) (holding that a judgment who failed to include a final forfeiture order in the formal written sentencing could amend that judgment as a clerical error when he had already entered a preliminary forfeiture order and indicated at the sentencing hearing that he would include that order in the judgment), United States v Edelmann, 458 F.3d. 791, 814 (8th Cir. 2006) (holding that where the judge had previously entered an order of forfeiture, the omission of the forfeiture order in the final judgment did constitute a clerical error that the District Court retained jurisdiction to correct).

In the instant case, the defendant agreed to forfeiture as part of the plea agreement. An order of forfeiture was issued, and the court expressed at sentencing its intent to make the forfeiture order part of the final judgment. Failure to include the forfeiture order with the Judgement of Conviction, then, was a clerical error that may be corrected.

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Court Amend the Judgment to include the order of forfeiture in the amount of $34,845 and vacate the Satisfaction of Judgment, filed December 5, 2007.

Respectfully submitted,

UNITED STATES OF AMERICA,
Defendant

ROBERT CLARK CORRENTE
United States Attorney

/s/ Adi Goldstein
ADI GOLDSTIEN
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: adi.goldstein@usdoj.gov

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 25th day of June, 2008, I electronically filed the within Motion to Amend Judgment and Vacate Satisfaction of Judgment with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System.:

The following participant received notice electronically:

Anthony M. Traini, Esq.
56 Pine Street
Suite 200
Providence, RI 02903
621-4700
621-5888 (fax)
amt@atrainilaw.com

The following participant received notice via regular mail:
Alan Podhaizer, Esq.
601-A Surf Avenue
Suite 22C
Brooklyn, NY 11224
718-946-4140
718-372-3295 (fax)

/s/ Adi goldstein
ADI GOLDSTEIN
Assistant United States Attorney