**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. No. CR07-21S |
| v. | ) | |
| | ) | Violations: 18 U.S.C. §§ 2, 371; |
| VICTOR MARIANI | ) | 21 U.S.C. §§ 333(e)(1), 841(a)(1) & (b)(1)(D) |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, VICTOR MARIANI, have reached the following agreement:

1. Defendant will waive presentation of this matter to a grand jury and consent to the filing of an Information which charges the Defendant with one count of conspiring to distribute human growth hormones and anabolic steroids in violation of 18 U.S.C. § 371 (Count I); eleven counts of distributing and aiding and abetting the distribution of human growth hormones, in violation of 21 U.S.C. § 333(e)(1) and 18 U.S.C. § 2 (Counts II-XII); fourteen counts of distributing and aiding and abetting the distribution of anabolic steroids, each of which is a Schedule III controlled substance, in violation of 21 U.S.C. § 841(a)(1)& (b)(1)(D) & 18 U.S.C. § 2 (Counts XIII-XXVI); and, a forfeiture allegation pursuant to 21 U.S.C. § 853.,

2. In exchange for Defendant's waiver of indictment and plea of guilty:

a. The government will recommend that the Court impose the lowest term of imprisonment for the offense level determined by the Court under the United States Sentencing Guidelines, including probation or a "split-sentence" if permitted. The government reserves the right to recommend any sentence up to and including the mandatory maximum sentence in the event that the

EXHIBIT A

defendant files a motion for a downward departure or a sentence below the advisory guidelines range.

b. For purposes of determining the offense level, the government agrees to recommend a 2 or 3 level reduction in the offense level, whichever is applicable, for acceptance of responsibility under §3E1.1 of the guidelines.

c. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that under the United States Sentencing Guidelines (the "guidelines"), defendant's sentence will be determined in large part based on the quantities of controlled substances and human growth hormones involved in the offense, including controlled substances, human growth hormones, and currency that constitute "relevant conduct" under guidelines section 1B1.3. Defendant stipulates the following calculations under the guidelines, and agrees that if the matter had gone to trial, the government would be able to prove these facts beyond a reasonable doubt:

(1) the controlled substances involved in this case are anabolic steroids, Schedule III controlled substances, including, Testosterone, Testosterone Cypionate, Testosterone Propionate, Testosterone Enanthate, Stanozolol, Nandrolone Decanoate, and any analogs thereof;

(2) the human growth hormone involved in this case is Somatropin variously known as Saizen or Somatotropin, or any analog thereof;

(3) During the course of this conspiracy, Dr. Mariani wrote an average of 100 prescriptions a month at $25 per perscription for American Pharamceutical Group.



EXHIBIT A

(4) Dr. Mariani wrote prescriptions for 274 customers of American Pharamaceutical Group (APG), or 57% of APG's customers.

(5) During the course of this conspiracy, APG netted a total profit of at least $800,000.

(6) Dr. Mariani was paid approximately $34,845 for his role in the conspiracy, said money constituting proceeds of the illegal activity.

(7) During the course of this conspiracy, Dr. Mariani engaged in the same conduct (to wit, issuing prescriptions for human growth hormones, Schedule III controlled substances, and other prescription drugs) on behalf of another company known as Advance Therapy. Dr. Mariani earned approximately $120,000 from Advance Therapy in 2004-2006.

4. Defendant understands that under this plea agreement, defendant agrees to forfeit all his right, title and interest in the properties described in the Forfeiture Allegation of the Information, and that, in so doing, defendant admits that these monies constituted proceeds of the offenses alleged in Count I-XXVI of the Information.

5. Defendant further agrees, upon execution of this agreement, to cooperate with the United States as follows:

a. He will meet with government representatives as often as necessary and provide complete and truthful information to them. Defendant understands that guidelines section 1B1.8 governs the government's use of information provided by the defendant in the course of his cooperation with the government.

b. He will appear and testify fully and truthfully in any and all state and federal legal proceedings, including, but not limited to, grand jury, trial, re-trial, and sentencing proceedings.

c. Defendant understands and agrees that any and all statements, information, and testimony he provides must at all times be complete and truthful. In this regard, defendant agrees to submit to a polygraph test if so requested by the government. If, at any time, the government or the court has determined that the defendant wilfully provided any false statement, information, or testimony, he may be subject to prosecution for doing so, including but not limited to prosecution for making a false statement, obstruction of justice, and perjury. Further, if the government or the court has determined that the defendant wilfully provided any false statement, information, or testimony, the government will no longer be bound to the terms of this plea agreement, but the defendant will not be permitted to withdraw his plea of guilty.

6. The maximum statutory penalties for the offense(s) to which Defendant is pleading guilty are as follows:

<u>COUNT I</u> (18 U.S.C. § 371)

a. 5 years imprisonment;

b. a fine of up to $250,000;

c. a term of supervised release of up to 3 years; and

d. a mandatory special assessment of $100.00.

<u>COUNTS II -XII</u> (21 U.S.C. § 333(e))

a. 5 years imprisonment;

b. a fine of up to $250,000;

c. a term of supervised release of up to 3 years; and

d. a mandatory special assessment of $100.00.

<u>COUNTS XIII-XXVI</u> (21 U.S.C. § 841(a)(1) & (b)(1)(D))



EXHIBIT A

a. 5 years imprisonment;

b. a fine of up to $250,000;

c. a term of supervised release of up to 3 years; and

d. a mandatory special assessment of $100.00.

Accordingly, defendant faces up to 130 years imprisonment, a total maximum fine of $6,500,000.00, a term of supervised release of up to 78 years, and $2,600.00 mandatory special assessment.

7. Defendant agrees that, after defendant and counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the fine and of the special assessment.

8. Defendant understands that defendant has the following rights:

a. to be represented by an attorney at every stage of the proceedings against it;

b. to persist in a plea of not guilty;

c. to be tried by a jury;

d. to have counsel assist at trial;

e. to confront and cross-examine witnesses;

f. to call witnesses on its own behalf; and

g. to testify on his own behalf, if he wishes, but also the right against self-incrimination and that he, therefore, could not be forced to testify.

Defendant further understands that, by pleading guilty, defendant gives up the right to a trial.

9. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

10. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Except for paragraph 2 above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The

defendant understands that the United States Sentencing Guidelines are advisory and that, while the court must consult the guidelines, the Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

13. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within or below the guidelines range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if Defendant pleads guilty, fulfills all its obligations under the agreement, does not engage in any conduct constituting obstruction of justice under §3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw its guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions,

deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement and accepts its terms.

18. Defendant states that it has read the agreement or has had the agreement read to it, has discussed it with counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| VICTOR MARIANI<br>Defendant | 2-20-7.<br>Date |
| ALAN PODHAIZER, ESQ.<br>Counsel for Defendant | 2/20/07<br>Date |
| ADI GOLDSTEIN<br>Assistant U.S. Attorney | 2/20/07<br>Date |
| LUIS M. MATOS<br>Chief, Criminal Division | 2/20/07<br>Date |



EXHIBIT A